# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2010

Lyle W. Cayce
Clerk

No. 09-20782
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

ORLANDO ROBERTO ARIAS MARTINEZ, also known as Arias Orlando, also known as Orlando Arias, also known as Orlando Arias Martinez, also known as Orlando Martinez Arias,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-376-1

Before DEMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Orlando Roberto Arias Martinez pleaded guilty to illegal presence in the United States following deportation after conviction for an aggravated felony and was sentenced to 72 months of imprisonment. The calculation of his guidelines sentencing range of 70 to 87 months included a 16-level enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2 because his prior deportation followed a Texas conviction for the manufacture/delivery of cocaine.

Martinez asserts that his sentence violates the Eighth Amendment's guarantee against cruel and unusual punishment. Because he did not raise this claim in the district court, we review it for plain error. *See United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007). A six-year sentence for a second illegal reentry offense by a defendant with a prior felony conviction for manufacture/delivery of cocaine and several other convictions is not grossly disproportionate to the crime. *See Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

Next, Martinez contends that his sentence violates the Constitution's guarantee of equal protection, arguing that there is a wide disparity of sentences between those who receive the 16-level enhancement under § 2L1.2 and similar offenders who lack a prior aggravated felony conviction. We review this newly raised claim for plain error. *See Martinez*, 496 F.3d at 389.

"The essence of an equal protection claim is that other persons similarly situated as is the claimant unfairly enjoy benefits that he does not or escape burdens to which he is subjected." *United States v. Cronn*, 717 F.2d 164, 169 (5th Cir. 1983). Martinez fails to show how an alien who was previously deported following conviction for an aggravated felony is similarly situated to an alien without a prior aggravated felony conviction or to any other offender who has committed an offense that has a lower offense level. The 16-level enhancement does not violate the guarantee of equal protection because it "treat[s] all persons with aggravated felonies who commit this crime equally." *Cardenas-Alvarez*, 987 F.2d at 1134.

Martinez also challenges the reasonableness of his sentence. He asserts that the district court should have considered his argument at sentencing that illegal aliens serve harsher sentences than United States citizens. However, nothing in the record suggests that the district court neglected to consider the

argument; the court listened to the argument during the sentencing hearing and stated specifically that it had "considered the submissions and arguments made" before it announced the sentence.

He also contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, improperly double-counted his prior drug conviction to determine his offense level instead of relying upon empirical data. He asserts that this double-counting was particularly unreasonable in his case because his prior conviction was not a violent crime, yet he received the same enhancement received by offenders whose prior offenses were violent. He further contends that his personal characteristics weighed in favor of a lighter sentence because he was unaware of the stiff penalty he would face for reentering the United States since this was his first prosecution for an immigration offense. Because Martinez did not raise these objections in the district court, review is for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Martinez's empirical data/double-counting challenge to the 16-level enhancement under § 2L1.2 is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The possibility that the 16-level enhancement could lead to an unjust sentence, "a persistent possibility under any system of sentencing," does not affect the presumption of reasonableness that attaches to guidelines sentences under § 2L1.2. *Duarte*, 569 F.3d at 530. Martinez's argument that he was unaware of the significant penalty for reentering the United States when he committed the offense does not rebut the presumption. He cites nothing to suggest that his ignorance of the law was a factor that should have received substantial weight during sentencing. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). In sum, he fails to show that the district court committed a clear or obvious error in

sentencing him within a properly calculated guidelines range and thus fails to establish plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The judgment of the district court is AFFIRMED.