# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2010

No. 09-20254
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEON TARRAL MCDANIEL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-235-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Deon Tarral McDaniel, federal prisoner # 70091-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He contends he is eligible for a sentence reduction based upon Amendment 599 (clarifying the circumstances sentencing enhancements should apply to use of a firearm in relation to a crime of violence) to the commentary to Sentencing Guideline § 2K2.4 (establishing Guideline sentence for, *inter alia*, defendants convicted of violating 18 U.S.C. § 924(c)). The district court's interpretation of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Guidelines is reviewed *de novo*. *See*, *e.g.*, *United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).

The Government maintains McDaniel's notice of appeal was untimely and this appeal is, therefore, subject to dismissal. The untimely filing of a notice of appeal, however, is not jurisdictional and can be waived in a criminal case. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007) (citing *Bowles v. Russell*, 551 U.S. 205, 207-14 (2007)); FED R. APP. P. 4(b)(1)(A). Because the Government evidences its intent to waive the issue, we need not decide it.

In 1996, McDaniel pleaded guilty to armed bank robbery (count one), in violation of 18 U.S.C. § 2113(a), (d), and to use and carrying of a firearm during, and in relation to, a crime of violence (count two), in violation of § 924(c)(1). After applying various offense-level enhancements and adjustments, including a three-level adjustment, pursuant to Guideline § 3A1.2(a), for assaulting an official victim, and a two-level obstruction of justice adjustment, pursuant to Guideline § 3C1.2, for reckless endangerment, the district court sentenced McDaniel to 235 months' imprisonment for count one, to be served consecutively with 120 months' imprisonment for count two, for a total of 355 months' imprisonment. The district court also determined that McDaniel was a career offender pursuant to Guideline § 4B1.1.

Amendment 599 amends the commentary to Guideline § 2K2.4, and clarifies "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses". U.S.S.G. app. C, amend. 599 (Nov. 2000). The Amendment expanded the commentary to clarify its application, " consistent with the definition of 'offense' found in § 1B1.1 . . . and with general guideline principles". *Id.*

Section 3582(c)(2) permits the *discretionary* modification of defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin,* 572 F.3d

235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009); *see also* U.S.S.G. § 1B1.10(a). Section 3582(c)(2) applies only to retroactive Guidelines amendments, as set forth in the Guidelines policy statement. *See* U.S.S.G. § 1B1.10(a). If an amendment "does not have the effect of lowering the defendant's applicable guideline range", a sentence reduction is not consistent with Guideline § 1B1.10 and is not authorized by § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B); *see also* 18 U.S.C. § 3582(c)(2). The Government concedes Amendment 599 applies retroactively. *See also* U.S.S.G. § 1B1.10(c).

McDaniel contends that, in the light of Amendment 599 and his conviction under § 924(c)(1) for using and carrying a firearm during, and in relation to, a crime of violence, the district court should *not* have applied the two Chapter Three adjustments. Because the facts supporting each adjustment involved the use of a firearm, he claims those adjustments are more appropriately considered specific offense characteristics; consequently, he contends application of these adjustments along with his conviction for the firearm offense constituted impermissible "double-counting".

At the time of McDaniel's sentencing, the Guidelines provided: if sentences were to be imposed for both a violation of § 924(c) and for an underlying offense, any specific offense characteristics for the possession, use, or discharge of a firearm should *not* be applied to the underlying offense. *See* U.S.S.G. § 2K2.4 cmt. n.2 (1991). Although Amendment 599 altered and clarified the text of the relevant Application Note, it did *not* change the general rule against applying the firearms enhancements to the underlying offense where the defendant also was convicted under § 924(c). *See* U.S.S.G. app. C, amend. 599 (Nov. 2000).

Moreover, in determining whether a defendant is eligible for a reduction under § 3582(c)(2), a court must "consider the sentence it would have originally imposed had the Guidelines, as amended, been in effect at that time". *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (quoting Guideline

§ 1B1.10(b)).  It must "substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected".  U.S.S.G. § 1B1.10 (b)(1).  Even if any Guidelines amendments were applicable in McDaniel's case, operation of the career-offender Guideline prevents any reduction in his sentencing Guideline range.  *See* U.S.S.G. § 4B1.1(b).  Because Amendment 599 does *not* have the effect of lowering McDaniel's applicable Guideline range, a sentence reduction is *not* consistent with Guideline § 1B.10 and is not authorized by § 3582(c)(2).  U.S.S.G. § 1B1.10(a); *see also* 18 U.S.C. § 3582(c)(2).

To the extent McDaniel contends the district court inappropriately applied the Chapter Three adjustments and was prohibited from concurrently applying both adjustments because they involved the same conduct, he is merely attempting to relitigate issues already raised and ruled upon at sentencing. Issues relating to the original sentencing are beyond the scope of the Guidelines amendment and are therefore *not* cognizable in a § 3582 motion.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (modification in original), *cert. denied*, 130 S. Ct. 3462 (2010).

No authority need be cited for the well-established rule that, because McDaniel's claim regarding Amendment 600 (clarifying application of career-offender Guideline to defendants convicted under 18 U.S.C. § 924(c)) is raised for the first time on appeal, and especially because it is raised in his reply brief,  it will not be considered.

AFFIRMED.