# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OCARIO RUIZ, also known as Oscar Ruiz,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-73-3

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ocario Ruiz, federal prisoner # 16491-075, is serving a 360-month term of imprisonment following his conviction for one charge of conspiracy to possess 500 grams or more of cocaine with intent to distribute. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c).

We have a duty to examine the basis of our jurisdiction even if we must do so sua sponte. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Ruiz's notice of appeal was filed almost 11 months after entry of judgment and was thus untimely. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); FED. R. APP. P. 4(b)(1)(A). Nonetheless, because this issue is not jurisdictional, we pretermit it. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Section 3582(c)(2) grants discretion to a district court to modify a sentence that was based on a guidelines range that was later lowered by the Sentencing Commission. § 3582(c)(2).

The district court determined that Ruiz was ineligible for a § 3582(c)(2) reduction because his base offense level was not changed by Amendment 782. Ruiz's failure to dispute this reasoning has the same effect as if he had not appealed the district court's judgment at all. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also United States v. Delgado*, 672 F.3d 320, 328 (5th Cir. 2012) (en banc).

Ruiz's argument that he was entitled to § 3582(c)(2) relief because he should not have been sentenced as a career offender, which is raised for the first time on appeal, is unavailing because claims regarding the validity of the original conviction and sentence are not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

AFFIRMED.