# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41065
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

JOSE LUIS MOLINA MARTINEZ

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 1:02-CR-99

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:

Jose Luis Molina Martinez appeals the sentence imposed following revocation of a reimposed term of supervised release. Martinez contends that the district court lacked authority to reimpose supervised release after revocation of an earlier supervised release term and, therefore, that the district court had no authority to sentence him to 24 months in prison. We affirm.

I

We first consider the Government's motion to dismiss the appeal for want of jurisdiction because Martinez failed to file a notice of appeal after the first revocation, which occurred in 2003. Because Martinez did not appeal the first

revocation or the resulting sentence, the Government contends that we lack jurisdiction to revisit the issue in this otherwise timely filed appeal of the district court's March 8, 2006 judgment revoking the reimposed term of supervised release.[1]

The Government correctly cites precedent reflecting our traditional view that the time limitation in FED. R. APP. P. 4(b)(1)(A), which governs the filing of notices of appeal in criminal cases, is mandatory and jurisdictional. We would ordinarily be constrained to follow this dispositive precedent.[2] However, a series of recent Supreme Court cases had cast doubt on our traditional view,[3] and any remaining doubt has been eradicated by the Supreme Court's recent opinion in Bowles v. Russell.[4] Although not directly on point, the analysis in Bowles establishes that the time limit specified in Rule 4(b)(1)(A) is mandatory, but not jurisdictional, because it does not derive from a statute.

In Bowles, the Court determined that Rule 4(a)'s deadlines for filing a federal notice of appeal in civil cases are mandatory and jurisdictional because, although they are embodied in the Federal Rules of Appellate Procedure, they are also statutorily imposed.[5] In reaching this conclusion, the Court drew a

---

[1] See, e.g., United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984).

[2] Ketchum v. Gulf Oil Corp., 798 F.2d 159, 162 (5th Cir. 1986).

[3] See Eberhart v. United States, 546 U.S. 12, ___, 126 S. Ct. 403, 406-07 (2005) (per curiam) (holding that rules setting forth time limits for a defendant's motion for a new trial grounded on a reason other than newly discovered evidence are not jurisdictional but, instead, are non-jurisdictional claim-processing rules); Kontrick v. Ryan, 540 U.S. 443, 455-56 (2004) (distinguishing between rules that are jurisdictional and rules that are merely inflexible claim-processing rules); see also United States v. Leijano-Cruz, 473 F.3d 571, 573-74 (5th Cir. 2006) (recognizing that Eberhart and Kontrick suggest that Rule 4(b) is not jurisdictional, but declining to resolve the issue).

[4] 127 S. Ct. 2360 (2007).

[5] Id. at 2364, 2366.

distinction between statutory time requirements and court-fashioned time requirements, finding that only the former could be properly characterized as "jurisdictional."[6] The Court reasoned that, under Article III, Section 1 of the Constitution, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction," and thus "it [is] improper for courts to use the term 'jurisdictional' to describe [judicially imposed] time prescriptions in rules of court."[7] To highlight this distinction, the Court compared its own rules for filing certiorari petitions in civil and criminal cases.[8] In both types of cases, the Supreme Court's rules set a 90-day time limit for filing a petition, but that time limit is only statutorily imposed for civil cases.[9] As a result, the Court expressly stated that the rule concerning criminal cases was not jurisdictional and could be waived.[10] Similarly, Rule 4(b)(1)(A)'s time limit is not dictated by statute, and as Bowles teaches, it is not jurisdictional.[11]

We therefore hold that there is no jurisdictional impediment to reaching the merits of this case. We need not consider, however, whether Martinez's failure to appeal the first revocation and sentence otherwise precludes or limits

---

[6] Id. at 2364-66.

[7] Id. at 2364 (quoting Kontrick, 540 U.S. at 452) (first alteration in original and quotations omitted).

[8] Id. at 2365.

[9] Id. (citing 28 U.S.C. § 2101(c)).

[10] Id. ("We have treated the rule-based time limit for criminal cases differently, stating that it may be waived . . . .").

[11] See United States v. Sadler, 480 F.3d 932. 941-42 (9th Cir. 2007) (concluding that the time limitation in Rule 4(b)(1)(A) is not jurisdictional based on the rationale in Eberhart v. United States, 546 U.S. 12 (2005)); see also Ketchum v. Gulf Oil Corp., 798 F.2d 159, 162 (5th Cir. 1986) ("The holding of a panel of this court must comport with prior panel decisions, until changed by this court acting en banc, or unless the Supreme Court either clearly holds or teaches to the contrary.").

his right to relief on the merits because we conclude that Martinez's appeal fails on the merits.

## II

On appeal, Martinez challenges his current sentence on the sole basis that the district court lacked authority to reimpose supervised release when the initial term of supervised release was revoked and he was imprisoned. Martinez does not otherwise challenge the district court's decision to revoke the reimposed term or the actual sentenced imposed. Martinez did not preserve the constitutional violation alleged on appeal; therefore, we review for plain error.[12]

A district court's authority to revoke supervised release is governed by 18 U.S.C. § 3583. When Martinez committed his offense in 1989, and when he pleaded guilty and was sentenced in 1993, § 3583(e)(3) stated that a court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision . . . ."[13] At the time Martinez committed his offense, this section had not been construed by any court to preclude reimposition of supervised release. However, by the time Martinez pleaded guilty and his original sentence was imposed, this court had held that a defendant could not be required to serve another term of supervised release (following imprisonment) after the original release term had been revoked.[14] Other courts of appeals agreed with our position on this issue at that time, but

---

[12] See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005); see also United States v. Seals, 207 Fed. Appx. 489, 490 (5th Cir. 2006) (addressing a similar argument and rejecting the defendant's argument that the issue on appeal was subject to de novo review), cert. denied, 127 S. Ct. 1894 (2007).

[13] 18 U.S.C. § 3583(e)(3) (1988).

[14] See, e.g., United States v. Holmes, 954 F.2d 270, 272 (5th Cir. 1992), abrogated by Johnson v. U.S., 529 U.S. 694 (2000); see also Seals, 207 Fed. App'x. at 490 (5th Cir. 2006) (cataloging other Fifth Circuit cases holding similarly).

two circuits held that § 3583(e)(3) empowered district courts to reimpose a further term of supervised release after revocation.[15]

The Supreme Court settled the circuit split in Johnson v. United States,[16] which was issued in 2000, well before Martinez's initial supervised release term was revoked. In Johnson, the Supreme Court sided with the minority approach and held that § 3583(e)(3) permitted district courts to impose a term of supervised release after revoking an initial term of supervised release.[17] Martinez argues that applying Johnson retroactively to his 1993 conviction violates the Due Process Clause because he had no notice or fair warning that he could be subjected to reimposition of supervised release following revocation. The Government argues that the retroactive application of Johnson does not violate the Due Process Clause because the Supreme Court's judicial interpretation of the statute was neither unexpected nor indefensible.

In a recent unpublished decision, United States v. Seals, this court held that Johnson was properly applied retroactively to the defendant's original conviction, which occurred in 1992.[18] The court stated that "[i]f a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect."[19] Because a circuit-split existed prior to Johnson and at the time of the defendant's original conviction and sentencing, the court

---

[15] See, e.g., United States v. O'Neil, 11 F.3d 292, 301 (1st Cir. 1993); United States v. Schrader, 973 F.2d 623, 624-25 (8th Cir. 1992).

[16] 529 U.S. 694 (2000).

[17] Id. at 703-13.

[18] 207 F. App'x at 490-91.

[19] Id. at 491. (quoting Bouie v. City of Columbia, 378 U.S. 347, 354 (1964)) (internal quotation marks omitted and emphasis added).

concluded that Johnson's construction of § 3583(e)(3) was reasonably foreseeable and provided the defendant with a fair warning.[20]   Thus, it was not unconstitutional to apply Johnson retroactively.

Although Seals is unpublished, and thus not binding, Seals is authoritative and persuasive.[21]   Therefore, applying Johnson retroactively to Martinez's 1993 conviction does not violate the Due Process Clause, and the district court did not plainly err in reimposing supervised release after the first revocation.  Accordingly, Martinez's sentence is affirmed.

AFFIRMED; MOTION DISMISSED AS MOOT

---

[20] Id.

[21] See United States v. Perrin, 478 F.3d 672, 678 (5th Cir. 2007) (noting that persuasive reasoning in an unpublished decision, although not binding, may be adopted as published authority).