IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-40121
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

REGINALD LAMON COLEMAN

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
Case No. 4:06-cr-00012

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reginald Lamon Coleman pled guilty to one count of conspiracy to distribute or dispense, or possess with the intent to distribute or dispense, cocaine. On January 18, 2007, the district court sentenced Coleman to 210 months in prison. The court's judgment was filed on the same day. The ten-day period for filing notice of appeal in a criminal proceeding expired on February 1, 2007. Fed. R. App. P. 4(b)(1)(A). Coleman filed his notice of appeal on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

February 5, 2007. Over one year later, the government filed a motion to dismiss Coleman's appeal for untimeliness.

Coleman's failure to comply with the time limitations imposed by Federal Rule of Appellate Procedure 4(b) does not deprive this Court of jurisdiction over his appeal. United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir. 2007). Still, compliance with Rule 4(b)(1)(A) is required so long as the government has not waived its application. Id. The government did not waive the rule here.

However, Rule 4(b)(4) permits a district court to extend the time for filing a notice of appeal for a period not to exceed thirty days if the failure to comply with the ten-day limitation was the result of "excusable neglect or good cause." "In criminal cases, this Court has customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time to appeal." United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984).

Coleman's notice of appeal was filed within thirty days of February 1, 2007. The district court could have granted an extension if it found that the requirements of Rule 4(b)(4) had been met. The government never raised the issue of untimeliness in the district court, and only recently raised the point here. Thus, we remand this case so that the district court may determine whether Coleman is entitled to an extension of the time under Rule 4(b)(4). See United States v. Winn, 948 F.2d 145, 153 n.24 (5th Cir. 1991).

For the foregoing reasons, this case is REMANDED to the district court for the limited purpose of determining whether excusable neglect entitles appellant to an extension of time to appeal. The district court is directed to allow Coleman thirty days in which to move for said determination. If the district court grants an extension, thereby perfecting this appeal, this Court will not require additional briefing on the merits.