REVISED SEPTEMBER 1, 2009

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-10593
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GONZALO GANDARA, also known as G-G

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-86-3

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gonzalo Gandara appeals his conviction and sentence of ten years of imprisonment for using a short-barreled shotgun during a crime of violence. We previously remanded this case to the district court for a determination whether Gandara could show good cause or excusable neglect for his untimeliness under FED. R. APP. P. 4(b)(1)(A). Although the district court found that Gandara had not made the necessary showing, the Government now urges that we ignore any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possible Rule 4 violation and address the merits of Gandara's appeal. Such a course is permissible; although the Rule 4 deadline is mandatory, it is not jurisdictional because it does not derive from a statute. United States v. Martinez, 496 F.3d 387, 388-90 (5th Cir.) (holding that a late notice of appeal is not a jurisdictional bar and affirming sentence on the merits), cert. denied, 128 S. Ct. 728 (2007). We so proceed.

Gandara argues that, because his indictment did not specify that he used a short-barreled shotgun, his trial counsel was ineffective for failing to object to the district court's determination that his statutory minimum sentence was ten years of imprisonment pursuant to § 924(c)(1)(B)(i). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). We resolve Gandara's claim on direct appeal only because it presents a rare instance when we are able to "evaluate fairly the merits of the claim." United States v. Nguyen, 504 F.3d 561, 575 (5th Cir. 2007) (internal quotation marks and citation omitted), cert. denied, 128 S. Ct. 1324 (2007).

While this court has not decided the issue, at least one of our sister circuits has held that the type of firearm used in a § 924(c)(1)(B) offense constitutes an element of the offense that must be included in the indictment and proven to a jury when not admitted by the defendant. United States v. Harris, 397 F.3d 404, 410-414 (6th Cir. 2005) (addressing the effects of United States v. Booker, 543 U.S. 220 (2005), on § 924(c)(1)(B) analysis). We need not resolve the issue in this case, however, because, even assuming that the use of a short-barreled shotgun was an element of Gandara's offense, his conviction and sentence are not invalid; he admitted that he used a short-barreled shotgun in the factual basis for his guilty plea. See Booker, 543 U.S. at 232, 244. Gandara does not contend that counsel was ineffective in advising him regarding his guilty plea

or the plea agreement. Accordingly, Gandara's counsel did not render ineffective assistance by failing to object at sentencing regarding the consideration of Gandara's use of a shotgun. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

AFFIRMED.