# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2010

Lyle W. Cayce
Clerk

No. 09-20318
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ANTONIO RIVAS, also known as Miguel Angel Santos, also known as Basil Ray Roquemore, also known as Michael Lee Cameron, also known as Elloy Carrillo, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-801-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jaime Antonio Rivas appeals the 57-month sentence imposed following his guilty-plea conviction for illegal reentry after his deportation subsequent to committing an aggravated felony. Rivas contends that his sentence violates the Eighth Amendment because it is cruel and unusual and grossly disproportionate to his offense in light of the age of his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction and his law-abiding behavior since his return to the United States. As Rivas did not object to his sentence on Eighth Amendment grounds, we review it for plain error. *See United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007). Rivas has not established that his 57-month sentence, within the applicable guidelines range, was disproportionately harsh. *See Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

Rivas also contends that his sentence violates the Equal Protection Clause because his high total offense level results in the same sentence as those imposed on individuals with higher criminal history categories and because the sentence he received is no longer than those imposed on individuals who illegally reenter the United States, but do not have prior aggravated felonies. Again, our review is for plain error. *See Martinez*, 496 F.3d at 389. Rivas has not established that "other persons similarly situated as is the claimant unfairly enjoy benefits that he does not or escape burdens to which he is subjected." *United States v. Cronn*, 717 F.2d 164, 169 (5th Cir. 1983); *see also Cardenas-Alvarez*, 987 F.3d at 1134. The sentence imposed by the district court is thus AFFIRMED.