# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 13, 2012

Lyle W. Cayce
Clerk

No. 12-10357
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD WILLIAM SKYERS, also known as Richie nln, also known as Soldier,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-365-5

Before JOLLY, DAVIS, and PRADO,  Circuit Judges.

PER CURIAM:[*]

Richard William Skyers, federal prisoner # 21052-077, was convicted of conspiracy to possess cocaine with intent to distribute and is serving a sentence of 500 months in prison.  He now moves this court for authorization to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c) motion for reduction of sentence and the denial of his motion for reconsideration.  He has also filed his appellate brief.  Although Skyers did not timely notice his appeal from the district court's initial judgment, this does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deprive us of jurisdiction over his appeal. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

By moving for IFP status in this court, Skyers challenges the district court's denial of his request for leave to proceed IFP on appeal, which was grounded in its determination that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Consistent with his filings in the district court, Skyers avers that the district court improperly calculated the drug quantity upon which his sentence was based. A motion under § 3582(c)(2) is not to be used for raising claims related to the original sentencing. *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Skyers's appeal is without arguable merit and thus is not taken in good faith. *See Howard*, 707 F.2d at 220. Consequently, his IFP motion is DENIED, and this appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.