# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2013

Lyle W. Cayce
Clerk

No. 12-30914
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO WARDELL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-100-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pedro Wardell Brown, federal prisoner # 25032-034, appeals the denial of a motion to reconsider the denial of motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Government has filed a brief on the merits and does not suggest that the denial of § 3582(c)(2) relief is not properly before us; thus, we address the merits of Brown's arguments. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30914

Brown argues that the denial of the motion has resulted in an above-guidelines sentence, because he was initially sentenced within the Sentencing Guidelines, but his sentence is now above the revised Guidelines.  He contends that the district court clearly erred by ignoring his lack of violent infractions in prison, his educational accomplishments, his close family ties, and the fact that his criminal history category over-represents the seriousness of his prior offenses.  We review the district court's decision for abuse of discretion.  *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court determined that Brown was eligible for a reduction in sentence based on Amendment 750 of the Sentencing Guidelines; however, the court concluded that a reduction was not appropriate in light of the 18 U.S.C. § 3553(a) factors, Brown's prior criminal history, his violent conduct during his arrest, the facts surrounding his conviction, and the fact that his sentence has already been reduced pursuant to a prior § 3582(c)(2) motion.  *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).  Brown has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion.  *See Evans*, 587 F.3d at 672.

AFFIRMED.