# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR RAUL RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-743-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cesar Raul Rios appeals his guilty plea conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine and aiding and abetting possession with intent to distribute five kilograms or more of cocaine. He was sentenced below the advisory guidelines range to ten years of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51155

As a threshold matter, the Government contends that if this court determines that the notice of appeal is untimely, the appeal should be dismissed.  Because there is no jurisdictional impediment to reaching the merits of the appeal, we pretermit the determination of the timeliness of the notice of appeal and address the issues raised by Rios.  *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

First, he argues that his due process rights were violated when the magistrate judge (MJ) erred by failing to advise him that the maximum term of supervised release was life.  Rios concedes that plain-error review applies and that, to show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He nevertheless argues that he need not show that the error affected his decision to plead guilty because he is not stating a claim under Federal Rule of Criminal Procedure 11 but rather a due-process claim that his plea was not knowing and voluntary.  Even if such a narrowly drawn claim exists, *see United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004), Rios cannot establish that his substantial rights were affected.  Rios was told that he faced five years of supervised release, and he in fact received a five-year term of supervised release.  He was also correctly told that he could be sentenced to life imprisonment.  His presentence report (PSR) correctly informed him that he faced at least five years of supervised release, but he did not object to the PSR on this basis, seek to withdraw his plea, or object when the district court imposed the five-year term.  Under the circumstances presented here, Rios cannot show any error resulting from the imposition of the five-year term of supervised release that affected his substantial rights.  *See Puckett*, 556 U.S. at 135.

No. 13-51155

Next, Rios argues that his due process rights were violated when the MJ asked him how he wished to plead prior to advising him of the rights he was waiving by pleading guilty.  Rios failed to raise this argument in the district court; as a result, plain-error review applies.  *See id.*  At rearraignment, the MJ asked Rios if he was pleading guilty or not guilty, and Rios responded that he was pleading guilty.  The MJ then advised him of the rights he would be waiving by pleading guilty.  At the conclusion of the hearing, the MJ stated that he would recommend to the district judge that the guilty plea be accepted.  Rios did not object to the MJ's recommendation, and the district court thereafter accepted the recommendation and Rios's guilty plea.  Because the guilty plea was accepted after Rios was advised of the rights he was waiving, there was no error.  *See* FED. R. CRIM. P. 11(b)(1).

The judgment is AFFIRMED.