# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANZANARES; MICHAEL JERWAN WASHINGTON,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-474-3
USDC No. 4:10-CR-474-6

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Juan Manzanares and Michael Jerwan Washington appeal their convictions for conspiracy to possess with intent to distribute 500 grams or more of cocaine. Manzanares contends that the district court erred in denying his motion to suppress, and both he and Washington contend that the evidence was insufficient to support their convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20398

We pretermit the non-jurisdictional issue of Manzanares's untimely notice of appeal because the government's brief is silent on this issue. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). Manzanares has not shown any error in the district court's suppression ruling. *See United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010). Neither has he shown that the district court admitted any statement made after he invoked his right to counsel. *Cf. Miranda v. Arizona*, 384 U.S. 436, 468-70, 474 (1966). His contention that the failure of police to inform him of counsel's presence vitiated his waiver of his *Miranda* rights is unavailing. *See Moran v. Burbine*, 475 U.S. 412, 415-16, 423-24 (1986).

We review de novo "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). To prove that a defendant conspired to possess with intent to distribute cocaine, the government must prove that (1) the defendant agreed with another person to violate the narcotics laws; (2) he knew of the agreement; and (3) he voluntarily participated in the conspiracy. *Id.*

The government offered evidence that Manzanares supplied the cocaine at issue and that several of the coconspirators, including Washington, then sold that cocaine to another coconspirator through a series of transactions. Viewing the evidence in the light most favorable to the government, a rational trier of fact could infer that Manzanares and Washington participated in a plan to distribute the cocaine. *See id.* This agreement is evidenced by (1) their concert of action in distributing the cocaine, *see United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007); (2) the large quantity of cocaine that was distributed, *see United States v. Delgado*, 672 F.3d 320, 334 (5th Cir. 2012);

and (3) the preexisting sales of cocaine among the conspirators, *see United v. Maseratti*, 1 F.3d 330, 338 (5th Cir. 1993).

The judgments of the district court are AFFIRMED.