# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10578
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEO DILLON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-295-5

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Leo Dillon is charged with conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). He appeals from the district court's order denying his motion for reconsideration of its previous order affirming the magistrate judge's ruling revoking Dillon's pretrial release and ordering him detained. In its response to Dillon's appeal, the Government moves to dismiss the appeal as untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10578

A detention order is a final decision over which we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  18 U.S.C. § 3145(c).  "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the order being appealed."  FED. R. APP. P. 4(b)(1)(A)(i).  Dillon's notice of appeal was not filed in a timely manner, nor was it filed within the permissible extension period of Rule 4(b)(4).

The time limit set forth in Rule 4(b)(1)(A) is mandatory, but it is not jurisdictional.  *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007) (citing *Bowles v. Russell*, 551 U.S. 205, 207-14 (2007)).  Although the requirements of Rule 4(b)(1)(A) may be waived, *see Martinez*, 496 F.3d at 388-89, the Government has not waived the issue in the instant case.  Accordingly, the Government's motion is GRANTED, and the appeal is DISMISSED.