# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHERROD WHITLEY, also known as Pig, also known as Rod,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-476-10

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sherrod Whitley has moved for leave to proceed in forma pauperis (IFP) to appeal the denial of his motion for a reduction of his sentence for conspiracy to possess 50 grams or more of cocaine base and five kilograms or more of cocaine. *See* 18 U.S.C. § 3582(c)(2). The district court denied him leave to proceed IFP on the ground that his appeal is not taken in good faith and is frivolous. By moving for leave to proceed IFP, Whitley has challenged the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50626

district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Whitley's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Although Whitley's notice of appeal was untimely, we pretermit the timeliness issue because there is no jurisdictional impediment to reaching the merits of the case and the appeal fails on the merits, as discussed below. *See United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007). Whitley, relying on U.S.S.G. § 1B1.10(c), argues that the district court had authority to reduce his sentence below the statutory minimum in light of the government's substantial assistance motion.

The Supreme Court has held that a court has authority to impose a sentence below the statutory minimum only if the Government files a substantial assistance "motion requesting or authorizing the district court to impose such a sentence." *See Melendez v. United States*, 518 U.S. 120, 125-26 (1996) (internal quotation marks and citations omitted).

At sentencing, the government moved for a downward departure from the guidelines range but did not request or authorize a sentence below the statutory minimum. Consequently, the district court lacked authority to reduce Whitley's sentence below the statutory minimum. *See id.* Because this appeal does not involve legal points arguable on their merits, *see Howard*, 707 F.2d at 220, Whitley's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.