# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

No. 16-20216
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRED V. SUTHERLAND,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-739-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fred V. Sutherland pleaded guilty pursuant to a written plea agreement to possession of counterfeit securities and was sentenced to 30 months in prison and three years of supervised release. The district court subsequently issued an amended judgment, which stated that it was being amended pursuant to Federal Rule of Criminal Procedure 36 to correct a clerical mistake. The district court stated in a separate order that a special condition prohibiting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20216

Sutherland "from employment or acting in a fiduciary role" during his supervised release was changed to clarify that he was "prohibited from employment in a fiduciary role, or acting in a fiduciary role," during his supervised release.  The order stated further, "This condition is not intended as a prohibition from all employment."  Both the original judgment and the amended judgment included the standard condition of supervised release requiring the defendant to "work regularly at a lawful occupation," unless excused by the probation officer for various reasons.

Sutherland argues that (1) the district court lacked authority to modify the terms of his supervised release in an amended judgment pursuant to Rule 36 because the modification altered his legal rights; (2) the district court reversibly erred by accepting his guilty plea because the factual basis was insufficient to support the plea; and (3) the district court erred in ordering restitution that exceeded the statutory maximum.  The Government contends that the appeal should be dismissed as untimely and that Sutherland waived his claims by waiving his right to appeal and, as to his second claim, by pleading guilty.

The untimely filing of a notice of appeal in a criminal case is not jurisdictional and can be waived if the Government does not raise the issue. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *United States v. Fearce*, 455 F. App'x 528, 529 (5th Cir. 2011).  However, the Government asserts that it does not waive the issue in this case, and thus we will not disregard it.  *See United States v. Lister*, 561 F. App'x 415, 416 (5th Cir. 2014).

A criminal appeal must be filed within 14 days of the entry of the district court's judgment or the filing of the Government's notice of appeal.  FED. R. APP. P. 4(b)(1)(A).  Sutherland's April 7, 2016, notice of appeal was filed

No. 16-20216

within 14 days after the March 30, 2016, entry of the amended judgment. However, because Sutherland's notice of appeal was filed almost one year after the district court entered the original judgment on April 15, 2015, the notice of appeal was untimely as to the original judgment.

Sutherland argues that the amended judgment revised his legal rights and obligations by significantly altering the terms of his supervised release regarding employment, and thus the period for appealing the district court's judgment began anew with the filing of the amended judgment. However, the record does not support his argument. Sutherland has not shown that the supervised release condition at issue created a genuine ambiguity or that the district court's clarification of the condition constituted a substantive change. *See Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952). Sutherland's arguments challenging his guilty plea and the district court's restitution order are therefore untimely. Accordingly, Sutherland's challenge to the district court's judgment is DISMISSED IN PART as untimely. For the same reasons, Sutherland has not shown that the district court lacked authority under Rule 36 to amend the judgment. Accordingly, we pretermit our consideration of whether Sutherland waived this issue, and the district court's judgment is AFFIRMED IN PART.