# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40276

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

OSVALDO ALIPIZAR,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 2:16-CV-333
No. 2:14-CR-575-5

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Osvaldo Alipizar, federal prisoner #06902-104, was convicted of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40276

conspiracy to possess with intent to distribute more than five kilograms of cocaine and was sentenced to 87 months of imprisonment and three years of supervised release.  He appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and also moves for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside the sentence.  Additionally, he moves for leave to proceed *in forma pauperis* ("IFP").

Alipizar avers that U.S.S.G. Amendment 794 is retroactively applicable because it resolves a circuit split and is a "clarifying amendment."  He does not challenge the district court's construction of this argument as a motion for a sentence reduction under § 3582(c)(2).  Although Alipizar's appeal of the denial of his § 3582(c)(2) motion was untimely, the deadline for filing a notice of appeal in a criminal case is not jurisdictional and may be waived.  *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007).  Accordingly, there is no jurisdictional impediment to reaching the merits of the appeal.  *See id.* at 389.

A district court may reduce the term of imprisonment of a defendant who was sentenced "based on a sentencing range that has subsequently been low-ered by the Sentencing Commission."  § 3582(c)(2).  In considering a reduction under § 3582(c)(2), a court should first determine whether the defendant is eligible for a reduction and the extent of the reduction that is authorized by the amendment; if the defendant is eligible, the court should consider the 18 U.S.C. § 3553(a) factors to see whether the circumstances justify any reduc-tion.  *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  We review the denial of a § 3582(c)(2) motion for abuse of discretion, and we review the district court's interpretations of the Sentencing Guidelines *de novo*.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

No. 17-40276

Because Amendment 794 is not among the retroactive guideline amendments set forth in U.S.S.G. § 1B1.10(d), it has not been made retroactively applicable. *See Dillon*, 560 U.S. at 825−26. Moreover, Amendment 794 did not lower the guideline range under which Alipizar was sentenced. *See* U.S.S.G. app. C, amend. 794, at 114-17 (Supp. Nov. 1, 2016). As a result, the amendment does not provide a basis for relief under § 3582(c)(2).

Alipizar maintains that counsel was ineffective for failing to move to delay sentencing until the effective date of Amendment 794. He theorizes that he was a paid employee who did not have a proprietary interest in the conspiracy. To obtain a COA, Alipizar must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A movant satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Alipizar has not met that standard. Accordingly, the denial of the § 3582(c)(2) motion is AFFIRMED, and Alipizar's motions for a COA and for leave to proceed IFP are DENIED.