# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2020

Lyle W. Cayce
Clerk

No. 19-40567
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN BAUTISTA HENRIQUEZ-MARTINEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-853-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Bautista Henriquez-Martinez appeals his 33-month sentence for illegal reentry. He argues that he should be resentenced under *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), an administrative law decision that he contends warrants less deference to the Sentencing Guidelines. The government responds that *Kisor* does not change sentencing practices but that there are two procedural roadblocks that prevent us from even reaching that question:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henriquez-Martinez waived his right to appeal the sentence and filed a late notice of appeal.

Determining whether this appeal was timely is a bit complicated because the district court extended the appeal deadline. *See* FED. R. APP. P. 4(b)(4). We need not answer the question. Because the deadline for filing a notice of appeal in a criminal case is not jurisdictional, we may pretermit the timeliness issue. *United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007)

Henriquez-Martinez's appeal is nonetheless barred by the appeal waiver in his plea agreement. He tries to get around the waiver by arguing that his plea was not knowing and voluntary. Specifically, he contends he did not understand that the government's promise to recommend a certain downward departure from his Guidelines score had exceptions even though the written agreement listed those exceptions. Because Henriquez-Martinez did not challenge the adequacy of the plea colloquy before the district court, we review for plain error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013); *United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir. 2011).

Henriquez-Martinez does not assert, much less show, that he would have changed his plea if the district court had addressed separately and explicitly the exceptions to the Government's agreement to move for a downward departure, which exceptions appeared in underlined language on the first and second pages of the plea agreement. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The record is equally silent. Henriquez-Martinez therefore fails to demonstrate plain error, *see id.*, and his appeal waiver bars the instant appeal. *See Alvarado-Casas*, 715 F.3d at 955.

The appeal is DISMISSED.