# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2021

Lyle W. Cayce
Clerk

No. 20-50649
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AARON CHRISTOPHER PLEASANT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-264-1

Before HIGGINBOTHAM, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Aaron Christopher Pleasant pleaded guilty to possession of a firearm after a felony conviction. Relying on the analysis set forth in *United States v. Lopez*, 514 U.S. 549 (1995), Pleasant argues that 18 U.S.C. § 922(g)(1), the statute of conviction, exceeds the scope of Congress's power under the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50649

Commerce Clause and is thus unconstitutional. He concedes that his claim is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

The court pretermits the question of the timeliness of the notice of appeal. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

Summary affirmance is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Pleasant's instant challenge to the constitutionality of § 922(g)(1) is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

Thus, the Government's unopposed motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED. The district court's judgment is AFFIRMED.