# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2021

Lyle W. Cayce
Clerk

No. 21-30057
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON SIMON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-146-12

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

*Pro se* Defendant-Appellant Jason Simon, federal prisoner # 61190-112, pleaded guilty to conspiracy to advertise the distribution of child pornography. The district court sentenced him to 360 months imprisonment and five years of supervised release. Simon now appeals the district court's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194.[1] We review the district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In its order denying Simon's motion, the district court concluded it was bound by U.S.S.G. § 1B1.13 and the accompanying application notes. It did so without the benefit of intervening Fifth Circuit authority. *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). As *Shkambi* makes clear (and as the government acknowledges), this was incorrect. *See id.* (holding that the policy statement does not bind a court reviewing a prisoner's own motion). We have remanded at least one similar case. *See United States v. Perdue*, 856 F. App'x 528, 529 (5th Cir. 2021) (per curiam).

Remand is unnecessary here, however, because the district court offered a clear, alternative explanation for its ruling. It explained that "granting Simon's release would not comport with the factors enumerated in Section 3553(a)." The district court's conclusion that the § 3553(a) factors do not merit relief is both dispositive of the matter and unaffected by our ruling in *Shkambi*. *See United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam) (addressing a similar circumstance). The district court thoroughly reviewed and applied the factors, and there is no evidence that its conclusion regarding extraordinary and compelling circumstances influenced its analysis. And Simon has not demonstrated that the district

---

[1] Simon's notice of appeal is dated and postmarked January 25, 2021, more than 14 days after the district court issued its order denying his motion. His notice of appeal was, therefore, untimely. Fed. R. App. P. 4(b)(1)(A)(i). Because this failure does not deprive us of jurisdiction, it can be waived. *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam). The government "affirmatively waives any untimeliness argument."

No. 21-30057

court abused its discretion in concluding he was unfit for compassionate release. *See Chambliss*, 948 F.3d at 693.

We need not address the uncontested fact that Simon has abandoned the COVID-19-based 'extraordinary and compelling circumstances' theory he relied on in district court since we conclude that the district court's § 3553(a) holding was sufficient. We likewise do not reach the government's contention that Simon has not exhausted his new 'extraordinary and compelling circumstances' theory.

AFFIRMED.