# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 21-50249

United States of America,

*Plaintiff—Appellee*,

*versus*

Cleto Samuel Duran,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-144-3

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam: *

Cleto Samuel Duran, federal prisoner # 28996-180, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and § 404 of the First Step Act of 2018. That denial was based on the determination that Duran was ineligible for such relief, and the district court denied Duran leave

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to proceed IFP on that same basis. Further, the district court denied Duran's motion under Federal Rule of Appellate Procedure 4(b)(4) for an extension of time to appeal, and it construed Duran's extension motion as an untimely notice of appeal.

A timely notice of appeal is not jurisdictional in this criminal case. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). We need not consider the timeliness of the notice of appeal from the denial of a sentence reduction or whether Duran's extension motion should have been granted because, as explained below, we conclude that Duran's appeal from the denial of his motion for a sentence reduction is frivolous. *See id.* at 388-89.

We construe Duran's IFP motion as a challenge to the district court's certification that his appeal from the denial of a sentence reduction was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, Duran has effectively abandoned that challenge by failing to address the district court's certification decision, or the underlying denial of a sentence reduction, in either his IFP motion or his appellate brief. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Baugh*, 117 F.3d at 202 ("[T]he motion must be directed solely to the trial court's reasons for the certification decision."). As such, Duran's appeal from the denial of a sentence reduction is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

We therefore DENY Duran's motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.