# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2022

Lyle W. Cayce
Clerk

No. 21-40015

CONSOLIDATED WITH

No. 21-40017

Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM SAMUEL MCLEAN, JR.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:93-CR-47-1
USDC No. 4:93-CR-22-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

William Samuel McLean, Jr., federal prisoner # 04259-078, pleaded guilty to two counts of using a firearm during and in relation to a crime of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40015

c/w No. 21-40017

violence in violation of 18 U.S.C. § 924(c)(1)(A). In a separate criminal proceeding, McLean pleaded guilty to four counts of interference with commerce by threats or violence in violation of the Hobbs Act, 18 U.S.C. § 1951.

McLean appeals the district court's denial of his subsequent motions for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018) and 18 U.S.C. § 3582(c)(1)(A)(i).[1] He has also moved to supplement his reply brief with various exhibits, including correspondence from the Bureau of Prisons (BOP) and other materials in support of his argument for compassionate release. This court reviews a district court's decision denying compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

According to McLean, the district court erred in denying his request for compassionate release based on his failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. The Government has filed a letter brief urging this court to vacate the district court's order and remand the case because McLean had, in fact, exhausted his administrative remedies by submitting requests for compassionate release to the warden.

As the Government points out, it is undisputed that McLean submitted two requests for compassionate release to the warden and that, after more than 30 days passed, the warden denied those requests. The district court nonetheless denied McLean's § 3582(c)(1)(A)(i) motions for failure to exhaust his administrative remedies based on the reason the warden gave for denying compassionate release: McLean failed to provide the warden with a suitable release plan. *See* 28 C.F.R. § 571.61(a)(2).

---

[1] McLean filed identical motions in both of his criminal cases.

No. 21-40015
c/w No. 21-40017

This court has stated that § 3582(c)(1)(A)'s "requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). We have also held that mandatory but nonjurisdictional procedural filing requirements may be waived. *See*, *e.g.*, *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007); *see also Eberhart v. United States*, 546 U.S. 12, 18 (2005).

Here, the Government did not invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief. Instead, the Government argued that the district court should deny McLean's motions on the merits because, among other things, McLean had failed to set forth an appropriate release plan as required by § 571.61(a)(2). The district court decided sua sponte that McLean had failed to exhaust his administrative remedies.

Because the Government did not raise exhaustion, the district court abused its discretion in denying McLean's request for compassionate release based on his purported failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. The district court also erred to the extent that it dismissed McLean's motions for lack of jurisdiction.[2] *See Franco*, 973 F.3d at 468; *see also United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. 2021).

Based on the foregoing, the order of the district court is VACATED, and this case is REMANDED for further consideration of McLean's motions on the merits. McLean's motion to supplement his reply brief with various exhibits is DENIED.

---

[2] On the first page of the district court's order, it found that "the motions must be DISMISSED for lack of jurisdiction." At the conclusion of its order, however, the court ordered that McLean's § 3582(c)(1)(A)(i) motions be "DENIED without prejudice."

3