# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2022

Lyle W. Cayce
Clerk

No. 21-40203
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLGA LIDIA TORRES-SOREANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-766-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Olga Lidia Torres-Soreano challenges the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Her motion sought relief based on the COVID-19

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Because the government stated that it is "not participat[ing]" in this case, we assume *arguendo* that Torres-Soreano's appeal is timely, regardless of the timing of her

No. 21-40203

pandemic and her underlying medical conditions. The district court denied the motion, finding that Torres-Soreano did not demonstrate an extraordinary and compelling reason for early release and that, even if she had, the 18 U.S.C. § 3553(a) sentencing factors weighed against granting early release.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

The district court gave sufficient reasons for denying Torres-Soreano's motion based on the § 3553(a) factors. *See id.* at 693–94. The district court's analysis of her medical conditions, and whether they constituted "extraordinary and compelling circumstances" warranting relief, is therefore irrelevant to this appeal. *See, e.g.*, *United States v. Guerrero*, 857 F. App'x 844, 844 (5th Cir. 2021) (unpublished) ("[D]enial [of a compassionate release motion] may be affirmed on any basis supported by the record, such as the court's analysis of the § 3553(a) factors.").

Torres-Soreano has not shown that the district court abused its discretion in denying the requested relief. *See Chambliss*, 948 F.3d at 693–94. The district court's decision is AFFIRMED.

---

motion to reconsider the district court's decision. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2010); *United States v. Gomez-Vasquez*, 690 F. App'x 272, 274 (5th Cir. 2017) (unpublished) ("Although . . . untimely motions for reconsideration [do] not toll the time for filing a notice of appeal from the underlying denial of § 3582(c)(2) relief, . . . the time limit for filing a notice of appeal in a criminal case is not jurisdictional and may be waived[.]" (citations omitted)).