# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2023

Lyle W. Cayce
Clerk

No. 22-60290
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Maes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-67-5

_____

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Michael Maes, federal prisoner # 24361-111 and proceeding *pro se* on appeal, was sentenced in December 2018 to life imprisonment after being convicted of methamphetamine trafficking, money laundering, and conspiracy offenses. *See* 18 U.S.C. § 1956 (a), (h); 21 U.S.C. § 846. Our

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60290

court affirmed his convictions and sentence on direct appeal. *See United States v. Maes*, 961 F.3d 366 (5th Cir. 2020).

In August 2021 and October 2021, respectively, he filed *pro se* motions for a new trial pursuant to Federal Rule of Criminal Procedure 33, and to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court denied both motions and denied Maes a certificate of appealability (COA) regarding his § 2255 motion. (The denial of the § 2255 motion is not at issue in this appeal; Maes' separate appeal from the denial is no longer pending in this court.)

The Government has waived any claims regarding the timeliness of Maes' notice of appeal by failing to brief the issue. *E.g.*, *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (providing timeliness of notice of appeal in criminal cases is not jurisdictional and can be waived).

As noted, Maes is proceeding *pro se* on appeal. He challenges the denial of his Rule 33 motion for a new trial based on newly discovered evidence. Review is for abuse of discretion. *E.g.*, *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).

Maes first contends he has newly discovered evidence that his codefendant, who also served as a Government witness in Maes' trial, falsely testified that he (the codefendant-witness) did not distribute marihuana. This impeachment evidence is insufficient to entitle Maes to a new trial because it "speaks only to the credibility of [the codefendant's] testimony" and "contravenes no element of the Government's case". *United States v. Dickerson*, 909 F.3d 118, 125 (5th Cir. 2018).

Maes also claims he has newly discovered evidence demonstrating that the codefendant and other cooperating witnesses admitted to falsely implicating Maes in offenses involving methamphetamine. Nonetheless, because Maes presented evidence at trial regarding the codefendant's

No. 22-60290

admitting to fabricating testimony, this evidence is cumulative and is not grounds for a new trial. *See United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011) (providing if defendant fails to show, *inter alia*, newly discovered evidence "is not merely cumulative or impeaching", Rule 33 "motion must be denied").

AFFIRMED.