# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20091
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jase DePaul Gautreaux,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-47-1

————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jase DePaul Gautreaux, federal prisoner # 17649-579, appeals the district court's order which (i) denied his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release, "Motion for Second Chance Act/RRC Placement," and "Motion to Introduce Support Documentation for Reconsideration of CR/RIS ECF 143, 139, 144"; (ii) imposed a $100

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sanction; and (iii) precluded him from filing further pleadings. On appeal, he primarily argues that the district court abused its discretion in denying his compassionate release motion, because his medical diagnoses of HIV/AIDS and asthma, his vulnerability to contracting severe COVID-19, and his rehabilitation constitute extraordinary and compelling reasons for compassionate release. The Government has filed a letter invoking the 14-day deadline under Federal Rule of Appellate Procedure 4(b)(1) for filing a notice of appeal.

The record supports the Government's invocation of Rule 4(b)(1)'s time limitation. Gautreaux filed his notice of appeal after the expiration of the time for filing a timely appeal and beyond the time during which the district court could have granted him an extension upon a showing of either excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(4); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). While the untimely filing of a notice of appeal in a criminal case is not jurisdictional, *see United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007), this court will enforce the mandatory time limit by dismissing the appeal where, as here, the Government timely raises the issue, *see United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015).

Accordingly, Gautreaux's appeal is DISMISSED as untimely.