# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                  Plaintiff−Appellee,

versus

CHRISTOPHER ALEXANDER,

                                  Defendant−Appellant.

Appeals from the United States District Court
for the Northern District of Texas
No. 5:01-CR-60-1

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Alexander, federal prisoner #25906-177, moves to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10725

*in forma pauperis* ("IFP") on appeal to challenge the denial of his motion requesting reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. The district court denied the motion for reconsideration and certified that the appeal was not taken in good faith. By moving for IFP status, Alexander is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Alexander's motion for reconsideration was filed more than 14 days after the entry of the order denying his § 3582(c)(2) motion, but because the applicable time limit is not jurisdictional and may be waived, the district court had jurisdiction to consider the motion for reconsideration. *See United States v. Collins*, __ F. App'x __, 2017 WL 5013046, at *1 (5th Cir. Nov. 2, 2017); *see also United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). Similarly, although it is not clear on the current record whether Alexander filed a timely notice of appeal after the denial of his motion for reconsideration, there is no jurisdictional impediment for us to consider his appeal even if it was untimely. We therefore pretermit any issue concerning the timeliness of the motion for reconsideration or his notice of appeal from the denial of that motion. *See Martinez*, 496 F.3d at 398.

We review the denial of a motion for reconsideration and the denial of a § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). Alexander contends that the district court abused its discretion in denying his § 3582(c)(2) motion by (1) committing procedural error in failing to calculate the applicable guideline range in light of Amendments 706, 750, and 782 to the Sentencing Guidelines and (2) concluding that the relevant sentencing factors weighed against a sentence reduction. The record does not support Alexander's averments. Furthermore, to the extent that he also seeks to challenge his

No. 17-10725

original sentence, such a challenge is not cognizable in a § 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 825−26, 831 (2010).

Alexander has failed to show that the instant appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for IFP status is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.