IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30910

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEALED APPELLANT

Defendant-Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-172-JCZ-KWR

---

Before JONES, Chief Judge, JOLLY, Circuit Judge, and CARDONE, District

Judge.[*]

CARDONE, District Judge:[**]

Quoc Duong ("Duong") pleaded guilty and was sentenced to 108 months

imprisonment for conspiracy to possess with intent to distribute a controlled

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 & 841. Duong untimely appeals his sentence, arguing that the district court erred by assessing a two-level enhancement pursuant to the United States Sentencing Guidelines for his leadership role in the drug conspiracy. Finding no error, we affirm Duong's sentence.

On June 15, 2006, a Grand Jury sitting in the Eastern District of Louisiana returned a four-count Indictment, charging Duong and two co-conspirators with various drug-related crimes. The Indictment specifically charged Duong with Conspiracy to Possess With Intent To Distribute quantities of 3.4-methylenedioxy-n-methlyamphetamine ("MDMA"), in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). On September 25, 2006, Duong pleaded guilty to both counts. At a sentencing hearing on January 9, 2007, the district court overruled Duong's objections regarding the sentence enhancement and sentenced Duong to 108 months imprisonment.

On August 20, 2007, Duong filed his Pro Se Notice of Appeal. In his Notice, Duong argued that his attorney agreed to file an appeal on his behalf but never did so. On December 27, 2007, a Federal Public Defender was appointed to represent Duong. Duong's new counsel subsequently filed a habeas corpus

petition pursuant to 28 U.S.C. § 2255. The § 2255 motion was stayed pending the outcome of Duong's direct appeal.

Federal Rule of Appellate Procedure 4 states in relevant part that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . judgment[.]" FED. R. APP. P. 4(b)(1)(A). Duong filed his notice of appeal more than six months after the district court's entry of judgment, making his appeal untimely. However, Rule 4(b)(1)(A)'s time limit "is mandatory, but not jurisdictional, because it does not derive from a statute." United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (citing the analysis of Rule 4(a) in Bowles v. Russell, 127 S.Ct. 2360, 2364-66 (2007)). Accordingly, Rule 4(b)'s time-limit may be waived. See id. (citing Bowles, 127 S. Ct. at 2365).

Duong argues that the Government waived its timeliness objection to Duong's appeal because the Government did not make its objection before the Government filed its appellate response brief. Duong concedes that this Court has never held that an appellee waives a timeliness objection pursuant to Rule 4(b) when it does not raise the objection until its response brief. However, Duong urges this Court to adopt such an interpretation of Rule 4(b). He argues that doing so would save judicial resources and prevent potential conflicts of

interest for defense counsel, who may be forced to raise and defend against a timeliness deficiency in an initial brief that may otherwise be overlooked by the Government.

We acknowledge the potential economy of judicial resources that may result from Duong's proposed interpretation, as well as the Gordian knot the current interpretation may at times create for defense counsel.[1] However, nothing in Rule 4(b) or in this Court's precedents requires an appellee to file a motion to dismiss based on timeliness before filing a brief on the merits. In addition, several other circuits have held that an appellee does not waive its right to object to an appeal's timeliness by including the objection in its brief on the merits. See, e.g., United States v. Garduno, 506 F.3d 1287, 1292 n.7 (10th Cir. 2007) (failure to raise timeliness issue "does not constitute forfeiture where, as here, appellee seeks dismissal for failure to timely appeal in its response brief."); United States v. Sadler, 480 F.3d 932, 941 (9th Cir. 2007) ("[n]o rule exists in this circuit . . . requiring an appellee to raise any objection to the timeliness of the appeal prior to briefing.") (emphasis in original); United States v. Singletary, 471 F.3d 193, 196 (D.C. Cir. 2006) (same).

Given the absence of authority or precedent for Duong's interpretation of

---

[1] We also note, however, that the potential conflict of interest does not arise in the instant case because Duong's § 2255 motion already informed the Government of his lawyer's failure to timely file a notice of appeal.

Rule 4(b), we decline to adopt it. Accordingly, we hold that the Government did not waive its objection to the timeliness of Duong's appeal by raising it for the first time in its brief on the merits.

In the alternative, Duong argues that even if the Government did not waive its timeliness objection to Duong's appeal, the ten-day deadline should be equitably tolled under his circumstances. Duong argues that, even though he specifically requested an appeal, his attorney failed to file an appeal on his behalf after stating that he would, and failed for months to tell him that no appeal had been filed. For our purposes today, we will not question that these circumstances justify an out-of-time appeal. The appeal nonetheless fails. Duong argues that the district court erred when it assessed a two-level enhancement pursuant to § 3B1.1(c) of the United States Sentencing Guidelines for Duong's leadership role in the drug conspiracy. Duong further argues that the factual basis to which he pleaded shows only a buyer-seller relationship. Having reviewed the record, we find no error in the district court's assessment of a two-level sentence enhancement.

Accordingly, we AFFIRM the district court's sentence.