**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-10181
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BENTLEY MARK JENKINS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-18-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bentley Mark Jenkins appeals the 96-month sentence imposed following his guilty plea conviction to bank robbery. The Federal Public Defender appointed to represent Jenkins on appeal moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel noted in his *Anders* brief, that Jenkins filed an untimely notice of appeal. Counsel's motion was denied, and briefing was ordered on whether this court's reasoning in *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006), should be extended to apply to direct criminal appeals involving untimely notices of appeal.

Jenkins complied with this court's order and filed a brief on the issue. Jenkins contends that this court's reasoning in *Acquaye* should be extended. He asserts that the Government should be deemed to have forfeited the right to rely on the claim processing time limits for the filing of a notice of appeal once a notice has been filed and transcripts have been prepared. The Government has filed a brief arguing that as long as it invokes the claim processing rule time limits for filing a notice of appeal before this court addresses the merits of the appeal, the invocation should be considered timely. The Government has also filed a motion to dismiss Jenkins's appeal on the basis that he failed to file a timely notice of appeal.

In *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir.), *cert. denied*, 128 S. Ct. 728 (2007), this court determined that, because the 10-day time limit to file a notice of appeal in Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure is not statutorily imposed, the time limit is "not jurisdictional and [can] be waived." In the instant case, the Government did not forfeit or waive its objection to Jenkins's untimely notice of appeal. *See United States v. Sealed Appellant*, 304 F. App'x 282, 284 (5th Cir. 2008). Accordingly, the Government's motion is GRANTED, and the appeal is DISMISSED.