# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

No. 09-10372
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH CLEVELAND THIBODEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-24-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges

PER CURIAM:[*]

Joseph Cleveland Thibodeaux, federal prisoner # 34603-177, moved for and received an order from the district court reducing his sentence under 18 U.S.C. § 3582(c)(2). Thibodeaux nonetheless appeals, arguing first that the district court should have awarded him an even greater sentence reduction and second that the district court should not have denied as moot his motion for leave to proceed in forma pauperis ("IFP"). We dismiss as untimely the portion of this appeal that pertains to the first issue. As to the second issue, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10372

In March 2008 Thibodeaux filed a pro se motion to reduce his sentence under § 3582(c)(2) and a motion for leave to proceed IFP in the district court. The district court granted the § 3582(c)(2) motion on May 12, 2008.  More than ten months later, on March 20, 2009, the district court entered an order denying as moot Thibodeaux's motion for leave to proceed IFP.  Thibodeaux filed his notice of appeal on April 1, 2009. The notice stated that Thibodeaux was appealing the district court's order of March 20, 2009.  Later, Thibodeaux filed a motion for appointment of counsel on appeal.  The district court denied the motion without prejudice to Thibodeaux's right to renew the motion before this court.

Thibodeaux's notice of appeal is untimely as to the district court's May 12, 2008 order granting his § 3582(c)(2) motion.  *See* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).  The time-limit for filing a notice of appeal in a criminal case is not jurisdictional, so it can be waived.  *United States v. Martinez,* 496 F.3d 387, 388–89 (5th Cir. 2007).  But unless waived, it is mandatory.  *See id.*  There is no waiver here.  The Government properly asserted the untimeliness of the notice of appeal in its motion to dismiss.  *See United States v. Sealed Appellant*, 304 F. App'x 282, 284 (5th Cir. 2008).   Therefore, the Government's motion to dismiss is granted, and the appeal is dismissed in part.  The Government's alternative motions for summary affirmance or for an extension of time to file an appellate brief are denied as moot.

Thibodeaux's notice of appeal is timely as to the district court's March 20, 2009 order denying as moot his motion for leave to proceed IFP in the district court.  However, Thibodeaux declined to raise any challenge to that order in his opening brief.  He has thus abandoned the issue.  *See United States v. Reyes*, 300 F.3d 555, 558 n.2 (5th Cir. 2002); *see also* FED. R. APP. P. 28(a)(9).  The district court's denial of Thibodeaux's motion for leave to proceed IFP is therefore affirmed.

No. 09-10372

Finally, Thibodeaux also argues that the district court erred in denying his motion for appointment of counsel on appeal. However, that issue is not properly before this court because Thibodeaux did not file a notice of appeal from that denial, which postdated the notice of appeal he previously filed. Even if the issue were before the court, the district court committed no error. Thibodeaux has no statutory or constitutional right to appointed counsel in a § 3582(c)(2) proceeding. *See United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995).

DISMISS IN PART; AFFIRM IN PART; GRANT MOTION TO DISMISS; DENY MOTION FOR SUMMARY AFFIRMANCE OR FOR EXTENSION OF TIME.