# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10749

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL PESINA-RODRIGUEZ, also known as Felipe Gomez,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:

We consider whether an *Anders*[1] brief is appropriate when the defense lawyer filing it has confirmed that the government will file a meritorious motion to dismiss the appeal for being untimely.

Manuel Pesina-Rodriguez pleaded guilty to illegal reentry. Final judgment was entered on May 1, 2015. Almost three months later, on July 30, Pesina mailed a pro se "Motion" that we will construe as a notice of appeal filed

---

[1] *Anders v. State of California*, 386 U.S. 738 (1967) (holding that after a "conscientious examination" of the case, a court-appointed attorney may request permission to withdraw as counsel if he finds the case to be wholly frivolous and includes a "brief referring to anything in the record that might arguably support the appeal").

as of the mailing date.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a pro se prisoner's notice of appeal shall be deemed filed as of the moment it is delivered to prison officials for mailing).

The Federal Public Defender appointed to represent Pesina on appeal filed an *Anders* brief.  The brief concluded that Pesina's appeal was frivolous because the notice of appeal was not filed within 14 days of the entry of judgment.[2]  *See* FED. R. APP. P. 4(b)(1)(A).  Although not jurisdictional, the time limits in Rule 4(b)(1)(A) are mandatory claims-processing rules.  *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (explaining that the time limit is "mandatory, but not jurisdictional") (citing *Bowles v. Russell*, 551 U.S. 205, 207–14 (2007)).  Consequently, in *United States v. Hernandez-Gomez*, we granted the government's motion to dismiss an appeal because the notice of appeal was untimely.  795 F.3d 510, 511 (5th Cir. 2015). Here, given that the government position on whether to seek dismissal of an untimely appeal is outcome determinative, Pesina's counsel conferred with the government and was informed that the government would seek to dismiss the appeal for being untimely.

We have found that similar inquiries about the government's intent to enforce appellate waivers satisfy the *Anders* standard and see no good reason not to follow the same practice when it comes to untimely appeals.  In *United States v. Acquaye*, we found insufficient the defense counsel's mere assertion that the appellate waiver in defendant's plea agreement foreclosed any appeal. 452 F.3d 380, 381-82 (5th Cir. 2006).  The reason is that the government may choose not to enforce the waiver.  *Id.*  We explained that the proper procedure

---

[2] The *Anders* brief notes that because it was styled as a "Motion to Appeal the [T]erm of Supervi[s]ed Release [I]mposition And the 20 Months Sentence [I]mposition" and did not specify the court to which the appeal was taken, Pesina's "notice of appeal" may not have satisfied the requirements of FED. R. APP. P. 3.  Because we can resolve this motion without addressing the sufficiency of Pesina's notice, we will assume the notice was adequate.

## No. 15-10749

is for defense counsel "to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw."[3]  *Id.*  at 382. In both the case of waived appeals and the one we deal with here involving an indisputably untimely appeal, there is a procedural mechanism that, if invoked by the Government, would foreclose the appeal.  Following *Acquaye*, we hold that *Anders* requirements are satisfied when defense counsel has ascertained and certified that the government would file a meritorious motion to dismiss the appeal as untimely.

Unlike in *Acquaye*, defense counsel here has already complied with this requirement.  Defense counsel's motion to withdraw therefore is GRANTED and the APPEAL IS DISMISSED as frivolous.  *See* 5th CIR. R. 42.2.

---

[3] We previously almost had the opportunity to address whether the reasoning in *Acquaye* should be extended to untimely notices of appeal.  *United States v. Jenkins*, 328 F. App'x 915 (5th Cir. 2009).  But perhaps unsurprisingly, after ordering merits briefing on the issue, the government filed a motion to dismiss the appeal because it was untimely.  *Id.* at 916.  The appeal was therefore dismissed without addressing the *Anders* question.  *Id.*