# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HORACE RAY MABREY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-366-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Horace Ray Mabrey pleaded guilty without a plea agreement to possession of a firearm by a convicted felon and was sentenced to 57 months of imprisonment and two years of supervised release, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). It is not disputed that Mabrey's notice of appeal is untimely as it was not filed within the time limitations of Federal Rule of Appellate Procedure 4(b). Judgment was entered on March 28, 2017, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11222

Mabrey's pro se notice of appeal was not filed until October 7, 2017. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a pro se prisoner's notice of appeal shall be deemed filed at the time it is delivered to prison officials for mailing); FED. R. APP. P. 4(c)(1)(A)(ii) (codifying prison mailbox rule). The Government filed an opposed motion to dismiss the appeal on this basis, and the motion was carried with this case.

Mabrey, who is represented by the Federal Public Defender (FPD), argues that we should excuse the late notice of appeal and consider his substantive sentencing claims on the merits. We decline to do so. Although an untimely notice of appeal does not deprive us of jurisdiction over a criminal appeal, the time limits for filing a notice of appeal are "mandatory claims-processing rules." *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016). When, as in this case, the party asserting application of the rule properly seeks enforcement of the rule, a "court's duty to dismiss the appeal [is] mandatory." *Eberhart v. United States*, 546 U.S. 12, 18 (2005); *see also Pesina-Rodriguez*, 825 F.3d at 788 (holding that an untimely appeal is a procedural mechanism that, if invoked by the Government, would foreclose an appeal). The district court's failure to advise Mabrey at sentencing of his right to appeal does not alter this conclusion.

Accordingly, the Government's opposed motion to dismiss the appeal is GRANTED and the appeal is DISMISSED. The dismissal of the instant appeal does not prevent Mabrey from seeking recourse under 28 U.S.C. § 2255 if he can make the required showing.