# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2021

Lyle W. Cayce
Clerk

No. 21-50026
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MATEO CASTILLO-RUELAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-779-4

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Mateo Castillo-Ruelas, federal prisoner # 00846-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 324-month sentence pursuant to Amendment 782. He argues that the district court improperly balanced the 18 U.S.C. § 3553(a) sentencing factors. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50026

Government moves to dismiss the appeal as untimely, or in the alternative, for an extension of time to file a brief on the merits.

The record reveals that Castillo-Ruelas's notice of appeal is untimely as it was not filed within the time limitations of Federal Rule of Appellate Procedure 4(b). Judgment was entered on December 18, 2020, and Castillo-Ruelas's pro se notice of appeal was not considered filed until January 7, 2021, three days after the January 4, 2021 deadline. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a pro se prisoner's notice of appeal shall be deemed filed at the time it is delivered to prison officials for mailing); FED. R. APP. P. 4(c)(1)(A)(ii) (codifying prison mailbox rule). Castillo-Ruelas does not dispute the determination that his notice of appeal is untimely and does not address the Government's motion to dismiss.

Although an untimely notice of appeal does not deprive us of jurisdiction over a criminal appeal, the time limits for filing a notice of appeal "are mandatory claims-processing rules." *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016). When, as in this case, the party asserting application of the rule properly seeks enforcement of the rule, a "court's duty to dismiss the appeal [is] mandatory." *Eberhart v. United States*, 546 U.S. 12, 18 (2005); *see also Pesina-Rodriguez*, 825 F.3d at 788 (holding that an untimely appeal is a procedural mechanism that, if invoked by the Government, would foreclose an appeal). Accordingly, the Government's motion to dismiss the appeal is GRANTED and the appeal is DISMISSED. The Government's alternative motion for an extension of time to file a merits brief is DENIED.