# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 20-30606
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Walker,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-160-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Melvin Walker has moved for leave to withdraw and has filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Walker has filed responses to counsel's briefs. He also has filed a motion for

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30606

temporary leave seeking a limited remand to the district court, which is DENIED.

We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as Walker's responses. It is dispositive that the Government has declined to waive the untimeliness of Walker's appeal. *See United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016). Thus, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

We note, however, that the district court was without jurisdiction to amend the judgment during the pendency of this appeal to correct a clerical error regarding forfeiture. *See United States v. Lucero*, 755 F. App'x 384, 386-87 (5th Cir. 2018) (*citing Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); FED. R. CRIM. P. 36. Thus, the original judgment stands. We treat the district court's January 16, 2020, amended judgment as an indicative ruling. The amended judgment is VACATED for want of jurisdiction, and the case is REMANDED so the district court may reenter its amended judgment.