# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 21-50326

United States of America,

*Plaintiff—Appellee*,

*versus*

Reymundo Montoya-Ortiz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:91-CR-95

Before Smith, Duncan, and Oldham, *Circuit Judges*.
Per Curiam:*

Reymundo Montoya-Ortiz, an inmate in federal prison, appeals *pro se* the denial of his motion for compassionate release. He faces a high bar on the merits, and we may not reverse unless the district court abused its discretion. Though the order at issue is terse, the context provided by the record reveals a sound exercise of discretion, so we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50326

I.

In 1990, Montoya-Ortiz drove a pickup truck and flatbed trailer to a U.S. Border Patrol checkpoint in Texas.[1] His vehicle contained no contraband, but Border Patrol agents recognized his passenger as a narcotics trafficker. Shortly after Montoya-Ortiz pulled into the checkpoint, another truck entered the checkpoint. Montoya-Ortiz and his passenger acted suspiciously toward the driver of the second truck, conspicuously avoiding eye contact. A Border Patrol canine searched the second truck and discovered approximately 220 kilograms of cocaine.

Montoya-Ortiz and his passenger were allowed to leave, but further investigation revealed personal connections and communications between the second truck's driver, another individual, Montoya-Ortiz's passenger, Montoya-Ortiz's cousin, and Montoya-Ortiz himself. Montoya-Ortiz thus was charged as a member of a conspiracy to distribute over 500 kilograms of cocaine. He was convicted after a trial and sentenced to life in prison. A divided panel of this court affirmed the conviction and sentence. *See Montoya-Ortiz*, 7 F.3d at 1182.

Since that direct appeal, Montoya-Ortiz has sought several forms of post-conviction relief, including five motions to reduce his sentence. His two newest motions are most relevant to this appeal. First, in 2019, Montoya-Ortiz, taking advantage of the First Step Act, sought a reduction of sentence based on an alleged error in the calculation of the amount of cocaine attributable to him, his advanced age and the long duration of his incarceration, and various medical problems including diabetes and diverticulitis. The district court deemed Montoya-Ortiz's complaints about his medical conditions

---

[1] This is only a summary of the facts underlying Montoya-Ortiz's incarceration. A fuller recounting can be found in the decision affirming his conviction and sentence. *See generally United States v. Montoya-Ortiz*, 7 F.3d 1171 (5th Cir. 1993).

No. 21-50326

unexhausted and refused to consider them; it then reached the merits of his remaining grounds and determined that they did not warrant reduction of his sentence. The district court thus dismissed Montoya-Ortiz's motion.

Then, in 2021, Montoya-Ortiz moved again. This time, he had properly exhausted his administrative remedies by presenting his medical concerns within the prison system. In addition to citing his medical conditions, Montoya-Ortiz's new motion for reduction of sentence again pointed to his age and time of incarceration, stated that his medical conditions placed him at high risk of COVID-19 complications, and relied on other factors such as his efforts toward rehabilitation. Two days later, the district court denied the motion in a one-page order with no substantive legal analysis. Montoya-Ortiz appeals.

## II.

We first consider whether Montoya-Ortiz's appeal is timely. Though the time limits in Federal Rule of Appellate Procedure 4(b)(1)(A) are not jurisdictional, they are mandatory when they are raised, as they have been here. *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016) (per curiam).

Rule 4(b)(1)(A) requires that a criminal defendant's notice of appeal be filed within fourteen days after entry of judgment. The district court's order denying Montoya-Ortiz's motion was entered on March 18, 2021. He filed his notice of appeal on April 16. The information put on the envelope by the U.S. Postal Service does not suggest that the prison mailbox rule provides him relief. *See* FED. R. APP. P. 4(c)(1). Thus, the government says, because April 16 is more than fourteen days after March 18, his appeal was not timely and should be dismissed.

That position overlooks Rule 4(b)(4), which allows the district court to extend the time limit "[u]pon a finding of excusable neglect or good cause."

This court treats untimely notices of appeal as motions "for a determination whether excusable neglect or good cause entitles the defendant to an extension of time to appeal." *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam). That course is appropriate here given the charity due *pro se* litigants, *see, e.g.*, *Arredondo v. Univ. of Tex. Med. Branch*, 950 F.3d 294, 298 (5th Cir. 2020), and the fact that Montoya-Ortiz alleged in his notice of appeal that he did not receive the district court's order until April 1.

The district court did not directly respond to Montoya-Ortiz's notice of appeal. But it did issue a text order granting his subsequent motion to appear *in forma pauperis* on appeal. That action can be read as an implicit finding of excusable neglect. *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995) (per curiam). We so read it here, and we have no cause to disturb the district court's finding. Thus, Montoya-Ortiz was entitled to extra time in filing his notice of appeal, and this appeal is timely.

## III.

We turn to the merits. A court may reduce a sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That is a high standard, and we review the decision only for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court is not bound by the policy statement that accompanies § 3582. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). But it must consider the sentencing factors in 18 U.S.C. § 3553(a).[2] "Accordingly, the district court must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors,

---

[2] Paraphrased, those factors are (1) the nature of the offense and characteristics of the defendant, (2) the need for the sentence, (3) the kinds of sentences available, (4) the range set forth by the sentencing guidelines, (5) any pertinent policy statements, (6) disparities with similarly situated defendants, and (7) the need to provide restitution to victims.

for its decision." *Chambliss*, 948 F.3d at 693 (footnote omitted). Only once the court has explained the basis for its decision may we defer to its exercise of discretion.

A key question is thus whether the court provided adequate support for its conclusion. If it did not, then remand is appropriate for reconsideration and a fuller explanation. *See United States v. Sauseda*, No. 21-50210, 2022 U.S. App. LEXIS 8928, at *7 (5th Cir. Apr. 1, 2022) (unpub.) (per curiam). Taken alone, the perfunctory one-page order on appeal would not be enough to avoid that outcome. But as the Supreme Court has said while discussing the related provision of 18 U.S.C. § 3582(c)(2), "the judge need not provide a lengthy explanation if the context and the record make clear" the basis for the decision. *Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1966 (2018) (citation omitted).[3]

The question whether a district court's reasoning may be inferred is sensitive and highly dependent on the facts surrounding the order. This court has twice considered orders that are almost identical to the one in this case. Both were written by the same district judge, yet we reached opposite conclusions.[4]

In this case, some factors counsel against imputing any findings to the district court. The district judge who denied Montoya-Ortiz's motion is not the same one who sentenced him in 1992. *Cf. Chavez-Mesa*, 138 S. Ct. at 1967. Nor may we resolve our doubts by assuming that the court accepted arguments that were presented to it. *Cf. United States v. Evans*, 587 F.3d 667, 673

---

[3] *See also Chambliss*, 948 F.3d at 693 (explaining that "the standard applicable to other motions for sentence reductions under § 3582(c)(2) is instructive").

[4] *See United States v. Pina*, 846 F. App'x 268, 269 (5th Cir. 2021) (per curiam) (affirming); *Sauseda*, 2022 U.S. App. LEXIS 8928, at *7 (vacating and remanding).

(5th Cir. 2009). The district court denied Montoya-Ortiz's motion before the government had had the chance to oppose it. The government did oppose Montoya-Ortiz's prior motion, but it never contested the merits of reduction based on his medical problems, which form the core of the motion at issue here.

But the district court's engagement with the substance of this motion is attested by its fifteen-page order addressing Montoya-Ortiz's prior motion. That order demonstrated a familiarity with the crimes Montoya-Ortiz had been convicted of, addressed his age and amount of time spent in prison, and considered the propriety of reducing his sentence in light of the case's posture. The court also correctly stated the law. It acknowledged that it was required to consider the § 3553(a) factors and that the policy statement in U.S.S.G. § 1B1.13 provides only guidance. The court never conducted a formulaic recitation of all seven § 3553(a) factors—for instance, it never spelled out that, because Montoya-Ortiz's crime did not involve identified victims, the need to provide restitution for victims was not relevant. *See* 18 U.S.C. § 3553(a)(7). But the explanations in that order would have been more than sufficient to trigger our deferential review. *Cf. Chambliss*, 948 F.3d at 693–94 (affirming a similarly detailed order).

With that order as context, we perceive the same exercise of discretion in the order on appeal. The § 3553(a) factors, such as the nature of the offense and the need for the sentence, would not have changed in light of Montoya-Ortiz's new theories and evidence. His medical conditions would have been relevant according to the policy statement, *see* U.S.S.G. § 1B1.13(1)(A), cmt., but the district court had already made clear that it (correctly) considered that statement as informative but nonbinding guidance. It is easy to infer the court's reasoning that, even with his new allegations, Montoya-Ortiz had not put forth "extraordinary and compelling reasons" sufficient to overcome the § 3553(a) factors.

With that conclusion established, we need only determine whether the district court's exercise of its discretion constituted an abuse. Reversal cannot be justified on the ground that we "might reasonably have concluded" that Montoya-Ortiz's motion should be granted. *Gall v. United States*, 552 U.S. 38, 51 (2007). Instead, an abuse of discretion exists only if the district court "base[d] its decision on an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 694. We perceive no such errors here.

The judgment is AFFIRMED.