# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-40801
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario DeAndre Ringo,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-509-2

———————————————————

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Mario DeAndre Ringo, a federal prisoner (# 55875-510) presently confined at the Webb County (Texas) Jail, pleaded guilty to conspiracy to transport an alien within the United States and was sentenced to 75 months of imprisonment and three years of supervised release. In his pro se appellate

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

brief, he raises several challenges to his conviction and sentence, and he contends that his counsel rendered ineffective assistance.

The record reveals that Ringo's notice of appeal is untimely as it was not filed within the time limitations of Federal Rule of Appellate Procedure 4(b). *See* Fed. R. App. P. 4(b)(1)(A), (b)(4). The judgment was entered on May 23, 2024, and Ringo's pro se notice of appeal was not filed until December 9, 2024. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); Fed. R. App. P. 4(c)(1)(A)(ii). The Government has filed a motion to dismiss the appeal on this basis. Ringo has filed an opposition to the Government's motion.

Although an untimely notice of appeal does not deprive us of jurisdiction over a criminal appeal, "the time limits in Rule 4(b)(1)(A) are mandatory claims-processing rules." *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016). When, as in this case, the party asserting application of the rule properly seeks enforcement of the rule, a "court's duty to dismiss the appeal [is] mandatory." *Eberhart v. United States*, 546 U.S. 12, 18 (2005); *see United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015).

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED. The dismissal of the instant appeal does not prevent Ringo from seeking recourse under 28 U.S.C. § 2255 if he can make the required showing. The Government's alternative motion for an extension of time, Ringo's motion for leave to file a supplemental statement of facts, and his request for immediate temporary release pending appeal are DENIED.