**REVISED December 18, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 17, 2019

Lyle W. Cayce
Clerk

No. 18-41118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR MONTOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-614-9

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Omar Montoya, federal prisoner # 12928-379, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. The district court determined that Montoya was eligible for a sentence reduction under Amendment 782 but that the 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a) factors did not warrant the reduction.    It denied Montoya's IFP motion and certified that his appeal was not taken in good faith.    By moving for IFP status, Montoya is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Although Montoya's notice of appeal was untimely, the time limit for filing a notice of appeal in a criminal case is not jurisdictional and may be waived. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).    We therefore pretermit the issue of the timeliness of the notice of appeal. *See id.* at 389.

Montoya contends that the district court abused its discretion in denying his § 3582(c)(2) motion.    The district court correctly recognized that despite Montoya's eligibility for a sentence reduction, it was under no obligation to grant him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court considered Montoya's arguments in favor of a sentence reduction but concluded, as matter of discretion, that a lower sentence was not warranted.    In doing so, the district court properly considered the applicable 18 U.S.C. § 3553(a) factors, including Montoya's history and characteristics and the need to afford adequate deterrence to criminal conduct. *See* § 3553(a)(1), § 3553(a)(2)(A)-(B); § 3582(c)(2); U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(i)).    The district court also properly considered Montoya's post-sentencing conduct. *See* § 1B1.10, p.s., comment. (n.1(B)(iii)).    Montoya has not shown that the district court based its decision on an error of law or on a clearly erroneous assessment of the evidence. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Montoya has failed to show that the district court arguably abused its discretion in denying his § 3582(c)(2) motion, and the instant appeal does not

involve legal points arguable on their merits.  *See Howard*, 707 F.2d at 220. Accordingly, we deny Montoya's motion for leave to proceed IFP on appeal, and we dismiss his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; *see also* 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.